UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GUANGNAN LAI,

          Plaintiff,

    v.

CITY OF OAKLAND, et al.,

          Defendants.

Case No.  25-cv-06780-JCS

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**

Re: Dkt. No. 10

## I.     INTRODUCTION

Plaintiff Guangnan Lai bring this civil rights action under 42 U.S.C. § 1983 against the City of Oakland, the Oakland Police Department[1] and "unknown Oakland police officers and supervisors."[2]  Defendant City of Oakland ("the City") brings a Motion to Dismiss ("Motion"). The Court finds that the Motion can be decided without a hearing and therefore vacates the motion hearing set for February 11, 2026 pursuant to Civil Local Rule 7-1(b). The Initial Case Management Conference set for the same date is continued to **April 29, 2026 at 2:00 p.m**. by Zoom videoconference, id. 161 926 0804, password 050855. For the reasons set forth below, the

---

[1] The Oakland Police Department is not a proper defendant.  A claim for civil rights violations pursuant to 42 U.S.C. § 1983 requires a "person" who acted under color of state law. 42 U.S.C. § 1983.   Individual officers are considered "persons" within the meaning of § 1983, as are local governmental units, such as counties or municipalities. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70, (1989). However, municipal departments and sub-units, including police departments, are generally not considered "persons" within the meaning of § 1983. *Vance v. County of Santa Clara*, 928 F.Supp. 993, 995-96 (N.D.Cal.1996) (holding that "naming a municipal department as a defendant is not an appropriate means of pleading a § 1983 action against a municipality," and dismissing the Santa Clara Department of Corrections from the action).  Therefore, Plaintiff fails to state a claim as to the Oakland Police Department, which is dismissed from this case.

[2] Although Plaintiff named "unknown Oakland police officers and supervisors" as defendants, *see* Compl. face page and page 3, Defendant City of Oakland did not address these defendants in the Motion.

United States District Court
Northern District of California

United States District Court
Northern District of California

Motion is GRANTED in part and DENIED in part.  Plaintiff may filed an amended complaint addressing the deficiencies set forth below no later than **March 4, 2026.[3]**

## II.   BACKGROUND

### A.   Complaint[4]

Plaintiff alleges in his complaint that on October 10, 2023, he was attacked and brutally beaten.  Compl., dkt. no. 1 at ECF p. 7, 9.  Although a witness called the police while the attack was occurring and "begged" them to come to the scene, the officers "refused to respond promptly, which led to more severe injuries." *Id.*  In the meantime, the attackers "humiliated" Plaintiff, "photographed and recorded the attack, and posted these materials along with [Plaintiff's] personal information online." *Id.* Plaintiff alleges that "[w]hen the police arrived, they did not arrest the attackers. Instead, they forced [Plaintiff], the injured victim, to stand up even though [he] was too weak to move." *Id.*  He further alleges that police officers "dragged [him] violently, causing more harm" and "[a]t the hospital, even while bleeding, they handcuffed [him] to the bed and forbade [him] from using [his] phone." *Id.* at 9.  According to Plaintiff, "[t]he police promised to issue tickets to the attackers, but later, the police supervisor secretly canceled all the tickets." *Id.* Plaintiff alleges that "[l]ater, the supervisor claimed the attackers accused [him] of 'touching a woman's chest[,]'" but "days later, these attackers publicly admitted in livestreams that they were not present and did not witness anything." *Id.*

According to Plaintiff, "the police supervisor [also] secretly canceled [his] police report and [his] accusations against these criminals, resulting in [him] having no police report of [his] own. The only police report that exists is the one filed by them." *Id.* at 7. Plaintiff alleges that he was falsely accused of sexual harassment in Case No. 23-053734 but that case was dismissed by the court in 2024. *Id.*  Plaintiff alleges that he continues to be harassed daily based on the online photographs posted by the attackers, who have "hundreds of thousands to millions of followers." *Id.* at 9.

---

[3] The parties have consented to the jurisdiction of a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

[4] For the purposes of this Motion, the Court assumes the allegations in the Complaint to be true, as required under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Plaintiff asserts claims under 42 U.S.C. § 1983 based on alleged violation of his Fourth Amendment rights (unlawful arrest, illegal seizure and excessive force) and his Fourteenth Amendment rights (denial of due process and biased and selective enforcement). *Id.* at 10.  He also asserts a claim for conspiracy to cover up crimes by Oakland Police Department supervisors who allegedly allowed the attackers to escape justice." *Id.* at 10. He seeks compensatory and punitive damages and an order to open a federal investigation of the Oakland Police Department's conduct.

### B.    The Motion

In the Motion, the City argues that Plaintiff fails to state a claim against it under *Monell v. Dept. of Soc. Servs. of the City of New York*, 436 U.S. 658 (1978) because he has not identified any policy or practice that caused the alleged constitutional violations.  Motion at 3-4.  Defendant further asserts that Plaintiff's request for punitive damages must be dismissed because punitive damages are not available as to municipal defendants. *Id.* at 4.  Finally, the City asserts that Plaintiff lacks standing to seek injunctive relief because he has not alleged that there is a credible threat of future injury against which the injunction is sought. *Id.* Therefore, it asks the Court to dismiss or strike Plaintiffs' request for injunctive relief. *Id.*

In his Opposition, Plaintiff concedes that punitive damages are not available against a municipality but asserts that such damages are permitted as to individual officers and asks to amend his complaint to name specific officers and supervisors who were involved in the alleged events.  Opposition (dkt. no. 15) at ECF p. 3.  With respect to *Monell* liability, he contends he has alleged "more than isolated misconduct" and contends he has alleged a policy or custom of "refusing to arrest known assailants while handcuffing the victim; police supervisors making false statements to justify unlawful arrest; secret dismissal of victims' complaints against attackers; repeatedly providing Plaintiff with the wrong police reports, [and] obstructing his ability to obtain his own victim report." *Id.*[5]  Finally, Plaintiff contends he has alleged ongoing injury sufficient to

---

[5] Plaintiff also filed a surreply without leave of Court in which he references ratification and negligent supervision and training in support of *Monell* liability.  *See* dkt. no. 22 at ECF p. 2. While the Court has considered this document in light of Plaintiff's pro se status, the Court reminds Plaintiff that he is expected to comply with this Court's local rules notwithstanding his

United States District Court
Northern District of California

give rise to standing to seek injunctive relief, asserting he "continues to suffer reputational and safety harm due to the City's cover-up and failure to correct false records." *Id.*

## III.    ANALYSIS

### A.    Legal Standards Under Rule 12(b)(6)

A complaint may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim on which relief can be granted. "The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint." *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). Generally, a plaintiff's burden at the pleading stage is relatively light. Rule 8(a) of the Federal Rules of Civil Procedure states that a "pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

In ruling on a motion to dismiss under Rule 12(b)(6), the court analyzes the complaint and takes "all allegations of material fact as true and construe[s] them in the light most favorable to the non-moving party." *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal may be based on a lack of a cognizable legal theory or on the absence of facts that would support a valid theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007) (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "[C]ourts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Tombly*, 550 U.S. at 557) (alteration in original). Rather, the claim must be "'plausible on its face,'" meaning that the

pro se status.

United States District Court
Northern District of California

plaintiff must plead sufficient factual allegations to "allow [] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 570).

### B.     *Monell* **Liability**

Under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), "a municipality may not be held liable for a § 1983 violation under a theory of respondeat superior for the actions of its subordinates." *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1073 (9th Cir. 2016). A plaintiff seeking to establish municipal liability under section 1983 may do so in one of three ways: 1) the plaintiff may demonstrate that a municipal employee committed the alleged constitutional violation "pursuant to a formal governmental policy or longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity;" 2) the plaintiff may demonstrate that the individual who committed the constitutional violation was an official with "final policy-making authority and that the challenged action itself thus constituted an act of official government policy;" or 3) the plaintiff may demonstrate that "an official with final policy-making authority ratified a subordinate's unconstitutional decision or action and the basis for it." *Gillette v. Delmore*, 979 F.2d 1342, 1346 (9th Cir. 1992).  Where municipal liability is based on a policy or custom, a plaintiff must also demonstrate that the policy or custom "reflects deliberate indifference to the constitutional rights of its inhabitants."  *City of Canton v. Harris*, 489 U.S. 378, 392 (1989).

While Plaintiff has variously referenced a series of policies and customs, his allegations are vague and conclusory.  As to many of the alleged policies or customs, such as "refusing to arrest known assailants while handcuffing the victim," there is only one specific incident alleged in the Complaint to support it, namely, the conduct that Plaintiff alleges he was subjected to. This is not sufficient to raise a plausible inference that the City is liable under *Monell*.  *See Elkins v. Novato Police Dep't*, Case No. 21-cv-7377 SI, N.D. Cal., dkt. no. 47  (April 11, 2022 Order  Granting Defendants' Motion To Dismiss First Amended Complaint) at 7 ("With respect to plaintiff's *Monell* allegations regarding a City Pattern, Policy, or Custom, there are no allegations in the FAC showing a pattern, policy, or custom – rather, plaintiff points to his one incident as

United States District Court
Northern District of California

5

evidence of such. . . . This is not enough."); *cf. Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) (finding plaintiff's allegations of specific and numerous other incidents involving conduct similar to that complained of by the plaintiff and notice of all incidents as sufficient for *Monell* pleading). As to other alleged policies or customs, such as negligent training and supervision, Plaintiff has alleged no specific facts and indeed, these theories are nowhere to be found in the Complaint.

Accordingly, the Court dismisses Plaintiff's *Monell* claim against the City with leave to amend.

### C.    Punitive Damages

Plaintiff concedes that punitive damages may not be awarded against a municipality.  The City, in turn, does not challenge Plaintiff's assertion that punitive damages may be available against individual officers.  Nor does it object to Plaintiff's request that he be permitted to amend to "specifically name individual officers and supervisors responsible for [the alleged] misconduct." Dkt. no. 15 at ECF p. 3.  Therefore, the Court GRANTS the City's request to strike Plaintiff's prayer for punitive damages only as to the City and also GRANTS Plaintiff's request to replace the "unknown police officers and supervisors" named as defendants in the original complaint with specific named individuals. In amending his complaint, Plaintiff should clearly identify the specific misconduct Plaintiff alleges was committed by each named officer or supervisor.

### D.    Injunctive Relief

The City contends Plaintiff does not have standing to seek injunctive relief, citing the rule that "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." *O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974).  Plaintiff has alleged, however, that he continues to be the victim of online defamation and daily harassment.  Construing the allegations liberally, this is sufficient to allege that the City's "cover-up" continues to harm Plaintiff by preventing him from clearing his name.  Therefore, the Court DENIES the Motion on this issue.

## IV.    CONCLUSION

For the reasons stated above, the Court GRANTS in part and DENIES in part the City's

6

Motion. Plaintiff's *Monell* claim is dismissed with leave to amend. His claim for punitive damages against the City only is dismissed without leave to amend. Plaintiff may seek punitive damages against the individual police officers and supervisors he names in his amended complaint. The Motion is DENIED as to the City's argument that Plaintiff's request for injunctive relief should be stricken or dismissed. Plaintiff's amended complaint shall be filed by **March 4, 2026**.

Plaintiff, who is not represented by counsel, is encouraged to consult with the Federal Pro Bono Project's Legal Help Center in either of the Oakland or San Francisco federal courthouses for assistance. Appointments (both in-person and remote) can be made by calling (415) 782-8982 or emailing federalprobonoproject@sfbar.org. Lawyers at the Legal Help Center can provide basic assistance to parties representing themselves but cannot provide legal representation.

**IT IS SO ORDERED.**

Dated: February 3, 2026

_____
JOSEPH C. SPERO
United States Magistrate Judge

United States District Court
Northern District of California

7