United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GUANGNAN LAI,
Plaintiff,

v.

CITY OF OAKLAND, et al.,
Defendants.

Case No. 25-cv-06780-JCS

**ORDER RE MOTIONS TO DISMISS FIRST AMENDED COMPLAINT AND PERMITTING EARLY DISCOVERY RE DOE DEFENDANTS**

Re: Dkt. Nos. 30, 39

## I. INTRODUCTION

Plaintiff brings this civil rights case under 42 U.S.C. § 1983 based on events that occurred on October 10, 2023. Plaintiff is not represented by counsel. In his original complaint, Plaintiff sued the City of Oakland ("the City"), the Oakland Police Department and "unknown Oakland Police Officers and supervisors." On February 3, 2026, the Court granted in part and denied in part Defendants' motion to dismiss, finding that the Oakland Police Department was not a proper defendant and that Plaintiff's allegations were insufficient to state a claim against the City under *Monell v. Dept. of Soc. Servs. of the City of New York*, 436 U.S. 658 (1978). *See* dkt. no. 26 ("February 3 Order"). The Court also found that Plaintiff's request for punitive damages against the City was subject to dismissal because punitive damages are not available as to municipal defendants.

The Court dismissed Plaintiff's *Monell* claims with leave to amend and his claim for punitive damages against the City (but not the individual officers sued as Doe defendants) without leave to amend. Plaintiff, in turn, filed a First Amended Complaint ("FAC") in which he has named the City, Sergeant Julie Yu and unknown Doe officers as defendants. In it, he asserts claims for false arrest, excessive force and violation of his due process rights against "Defendants"

United States District Court
Northern District of California

and a fourth claim for municipal liability under *Monell* against the City of Oakland. He again seeks monetary damages, including punitive damages.

Presently before the Court are two motions to dismiss: one by the City, dkt. no. 30 ("City Motion") and another by Sergeant Yu, dkt. no. 39 ("Yu Motion"). The Court finds that the Motions are suitable for determination without oral argument and therefore vacates the motion hearing set for November 18, 2026 pursuant to Civil Local Rule 7-1(b). The Case Management Conference set for the same date is continued to **May 12, 2027 at 2:00 p.m.** by Zoom webinar. For the reasons stated below, the Motions are GRANTED.[1] Except as to Plaintiff's *Monell* claims against the City, Plaintiff will be given leave to amend his complaint. Plaintiff's Second Amended Complaint shall be filed by **March 17, 2027**.

## II. ANALYSIS

### A. Legal Standards under Rule 12(b)(6)

A complaint may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim on which relief can be granted. "The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint." *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). Generally, a plaintiff's burden at the pleading stage is relatively light. Rule 8(a) of the Federal Rules of Civil Procedure states that a "pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

In ruling on a motion to dismiss under Rule 12(b)(6), the court analyzes the complaint and takes "all allegations of material fact as true and construe[s] them in the light most favorable to the non-moving party." *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal may be based on a lack of a cognizable legal theory or on the absence of facts that would support a valid theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Bell Atl. Corp. v.*

---

[1] The parties have consented to the jurisdiction of a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

*Twombly*, 550 U.S. 544, 562 (2007) (citing *Car Carriers, Inc. v. Ford Motor Co*., 745 F.2d 1101, 1106 (7th Cir. 1984)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "[C]ourts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Tombly*, 550 U.S. at 557) (alteration in original). Rather, the claim must be "'plausible on its face,'" meaning that the plaintiff must plead sufficient factual allegations to "allow [] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 570).

### B. Whether the FAC States a Claim under *Monell*

In its February 3 Order, the Court found that "[w]hile Plaintiff [had] variously referenced a series of policies and customs [in the original complaint], his allegations [were] vague and conclusory," offering no specific facts in support of his negligent training and supervision theories and alleging no facts concerning any other incident similar to his own. February 3 Order at 5-6. Although Plaintiff was given leave to amend, the allegations relating to municipal liability in the FAC remain entirely conclusory. In particular, the only allegation in the FAC relating to municipal liability states: "The City of Oakland maintained policies, customs or practices that allowed [the alleged] misconduct to occur. These include failure to properly train, supervise and discipline officers." FAC at p. 3. Because Plaintiff has been given an opportunity to amend as to the City's liability under *Monell* and has been unable to allege any specific facts giving rise to a plausible claim against the City, the Court dismisses Plaintiff's claims against the City with prejudice.[2]

---

[2] In his Opposition, Plaintiff asks the Court to allow his *Monell* claims to go forward so that he can obtain discovery from the City relating to its "training, supervision, complaint procedures, investigative practices, or municipal policies." Dkt. no. 32 at 2. Discovery, however, is not available until a plaintiff has alleged a plausible claim. *See, e.g., Gerritsen v. Warner Bros. Ent. Inc*., 112 F. Supp. 3d 1011, 1047 (C.D. Cal. 2015) (rejecting the plaintiff's request for the court to permit her to conduct discovery to develop facts supporting her vicarious liability claims because

**C. Whether the FAC States a Claim Against Yu**

In the FAC, Plaintiff includes a single allegation against Sergeant Yu, in the section of the complaint listing the parties to the action, alleging that "Defendant Sergeant Julie Yu is a supervising officer who participated in and/or approved the wrongful conduct." FAC p. 1. No facts about Yu's alleged participation or approval are alleged in the "fact" section of the FAC; nor do the claims cite any specific conduct on Yu's part or even specifically identify Yu as a defendant. These allegations are too conclusory to raise a plausible inference of liability against Yu on any claim. However, Plaintiff may be able to cure this defect by amendment, as discussed further below. Therefore, the Court dismisses the claims asserted against Sergeant Yu[3] with leave to amend.

**D. Leave to Amend**

Where the complaint has been filed by a pro se plaintiff, as is the case here, courts must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). "A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203−04 (9th Cir. 1988) (per curiam)). When it dismisses the complaint of a pro se litigant with leave to amend, "'the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively.'" *Id.* (quoting *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)).

As a preliminary matter, the Court notes that while the FAC is brief to the point of being conclusory, Plaintiff's original complaint contained extensive factual allegations relating to the

---

she had not plausibly pled a claim for relief ) (citing *(quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)); *Helstern v. City of San Diego*, No. 13-CV-0321-LAB RBB, 2013 WL 3515963, at *5 (S.D. Cal. July 11, 2013) (rejecting plaintiff's argument that her *Monell* claim should survive the City's Rule 12(b)(6) motion so that she could obtain discovery to support the claim and stating that "[t]he Court [would] not 'unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.'") (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)).

[3] For the purposes of deciding the Yu Motion, the Court assumes that in the FAC Plaintiff seeks to assert all of his claims against Yu.

circumstances of Plaintiff's arrest, as well as his subsequent efforts to seek redress for the alleged misconduct upon which Plaintiff bases his claims.[4] Further factual details are contained in Plaintiff's Opposition briefs. In considering whether Plaintiff may be able to amend his complaint to state viable claims, the Court considers the factual allegations in these documents. In his Second Amended Complaint, however, Plaintiff should be sure to include all factual allegations that support his claims because each successive complaint completely supersedes the previous complaint.

With respect to any claims Plaintiff seeks to assert against Sergeant Yu in his amended complaint, Plaintiff is cautioned that "[a] supervisor is only liable for constitutional violations of [her] subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "There is no respondeat superior liability under section 1983." *Id.* (citing *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680–81 (9th Cir.1984)). This means that it is not enough that the supervisor merely has a supervisory relationship over the Doe officers involved in the alleged misconduct. Rather, the plaintiff must show that the supervisor "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Id.* "Furthermore, supervisor defendants are entitled to qualified immunity where the allegations against them are simply 'bald' or 'conclusory' because such allegations do not 'plausibly' establish the supervisors' personal involvement in their subordinates' constitutional wrong." *Cruz v. Richards*, No. 21-CV-00859-JCS (PR), 2022 WL 1316565, at *2 (N.D. Cal. May 3, 2022) (quoting *Iqbal*, 556 U.S. at 676).

Here, Plaintiff describes Sergeant Yu's involvement in the events of October 10, 2023 as follows:

> Yu arrived after Plaintiff had already been handcuffed. She was present when he was lifted onto the ambulance while seriously injured. Officers spoke with her, and she nodded. From this exchange. Plaintiff understood that she approved continued handcuffing. He

---

[4] Additional factual allegations concerning the events of that day can be found in the complaint Lai filed in Alameda Superior Court in Case No. 24CV082378, asserting claims that include battery and defamation against the individuals who allegedly attacked him and later posted online that Lai had sexually harassed one of them.

> bases this understanding on the conversation and nod he observed, not on hearing an express verbal order. Yu also said she believed her officers, described others as reporting sexual harassment, and said tickets would be issued. Plaintiff maintains that the promised action was later cancelled.

Dkt. no. 3 (Opposition to Yu Motion) at 3. Drawing all reasonable inferences in Plaintiff's favor, these allegations are likely sufficient to raise a plausible inference that Sergeant Yu knew of the circumstances of Plaintiff's arrest and failed to intervene to prevent Plaintiff's continued detention. Thus, to the extent that Plaintiff is able to allege sufficient facts to raise a plausible inference that the as-yet unidentified Doe officers arrested Plaintiff without probable cause, Plaintiff may be able to state a claim against Sergeant Yu based on that constitutional violation on a theory of supervisory liability.

Defendants point out that the FAC "alleges only that 'officers' arrested Plaintiff '[w]ithout probable cause.'" Yu Motion at 4. While such conclusory allegations are insufficient to state a claim, Defendants do not acknowledge that Plaintiff also alleges that the officers "ignored evidence demonstrating that Plaintiff was the victim." FAC at p. 2. Furthermore, statements in the original complaint and the attached declaration suggest that Plaintiff may be able to amend his complaint to allege specific facts that support that allegation. In particular, he alleges that the police refused to respond promptly despite the pleas of a witness who called the police to report the assault, and that when the police arrived they treated Plaintiff "as a criminal" even though he had been "brutally beat[en]" and was "gravely injured[,]" apparently believing the statement of Plaintiff's attackers that he had "touched a woman's chest." Dkt. no. 1 (Compl.) at ECF p. 9; *see also* Opposition to Yu Motion at 3 (when the police arrived Plaintiff "was on the floor, bleeding and being restrained by people who had attacked him."). To the extent that Plaintiff's Second Amended Complaint alleges specific facts to support his allegation that the Doe officers ignored evidence at the scene indicating that Plaintiff was innocent and that Sergeant Yu was made aware of that evidence when she arrived at the scene but nonetheless allowed Plaintiff's detention to continue, Plaintiff may be able to state a viable false arrest claim against Sergeant Yu.

As to the excessive force claim, Plaintiff has not pointed to any facts suggesting that Sergeant Yu was present during any alleged use of excessive force or participated in it in any way.

First, to the extent the claim is based on Plaintiff being handcuffed to the hospital bed, Plaintiff does not allege that Sergeant Yu was present when this occurred or that she was involved in the decision to restrain Plaintiff in this manner. Likewise, Plaintiff asserts that officers placed Lai in handcuffs when they originally arrived at the scene, *before* Sergeant Yu arrived. *See* Dkt. no. 3 (Opposition to Yu Motion) at 3 (stating that Sergeant Yu arrived after Plaintiff was already in handcuffs). Nor does Plaintiff allege that at the scene his handcuffs were placed on him in a manner that caused him pain (e.g. excessively tight or in an uncomfortable position) or that Sergeant Yu was aware that his handcuffs were causing him pain when she was at the scene of the arrest. Plaintiff also apparently seeks to assert his excessive force claim based on the allegation that when the Doe officers arrived at the scene they "forced [him] to stand while [he] was gravely injured, dragg[ing] [him] violently [and] worsening [his] injuries[.]" Compl., dkt. no. 1 at ECF p. 7. But it appears that this also occurred *before* Sergeant Yu arrived at the scene.

To the extent that Plaintiff seeks to assert an excessive force claim against Sergeant Yu in his Second Amended Complaint, he must allege sufficient facts to show that she was present during the particular use(s) of excessive force alleged and had an opportunity to intervene but did not do so. *Cunningham v. Gates*, 229 F.3d 1271, 1289 (9th Cir. 2000), as amended (Oct. 31, 2000) ("[P]olice officers have a duty to intercede when their fellow officers violate the constitutional rights of a suspect or other citizen. . . [H]owever, officers can be held liable for failing to intercede only if they had an opportunity to intercede.") (cleaned up).

It appears that Plaintiff may concede that his due process claim is subject to dismissal. See Opposition to Yu Motion at 8 (apparently conceding that under *Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985), he cannot state a due process claim based on inadequate investigation). In light of his pro se status, however, the Court will allow Plaintiff to amend his due process claim if he can.

Finally, the Court notes that Plaintiff has named Doe defendants in this case who are the officers involved in Plaintiff's arrest and alleged use of excessive force. Although Doe pleading is "generally disfavored" in federal court, the Ninth Circuit has explained that:

> Situations arise, such as the present, where the identity of alleged

United States District Court
Northern District of California

> defendants will not be known prior to the filing of a complaint. In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.

*Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). The circumstances here present such a situation as Plaintiff was not in a position to establish the identities of the officers involved in the events of October 13, 2013 at issue in this case. Therefore, the Court will permit Plaintiff to conduct limited early discovery in order to identify the Doe defendants before he files his Second Amended Complaint. In his Second Amended Complaint, Plaintiff may assert claims against the officers whose identities are disclosed in the discovery he obtains from Defendants. He should be sure to clearly identify the specific conduct of each individual officer he names as a defendant in the Second Amended Complaint and state which officers are named as defendants on each specific claim.

## III. CONCLUSION

For the reasons stated above, the Motions are GRANTED. The claims against the City are dismissed with prejudice. Plaintiff's claims against Yu are dismissed with leave to amend. Plaintiff may also amend his complaint as to the Doe officers, including by specifically identifying these officers and the particular conduct upon which any claims against them are based. As of the date of this Order, discovery is open for the purpose of allowing Plaintiff to identify the Doe officers involved in his arrest and detention. Within fourteen days, the parties shall meet and confer to discuss what discovery will allow Plaintiff to identify the Doe defendants and is appropriately limited under this Order. This early discovery shall be completed by **February 17, 2027.** Plaintiff shall file his Second Amended Complaint by **March 17, 2027.**

**IT IS SO ORDERED.**

Dated: November 10, 2026

JOSEPH C. SPERO
United States Magistrate Judge